IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YAHYI ABDUL SHIHEED, #455-399 | * | |
| Plaintiff, | * | |
| v. | * | Civil No. GLR-19-579 |
| B. OPEL, *et al.* | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DECLARATION**

I, Dean Rounds, Sr., being over eighteen (18) years of age and competent to testify, hereby declare on my personal knowledge as follows:

1. I am a Correctional Officer, CO II, employed by the Maryland Department of Public Safety and Correctional Services (DPSCS) and assigned to the North Branch Correctional Institution (NBCI) in Cumberland, MD.

2. I am familiar with the allegations made by Plaintiff in the above captioned case.

3. On the date in question I was on duty and observed from the officer desk at the housing unit lobby area that water was flooding from the 2nd floor of the housing tier to the bottom floor. I was never actually present as alleged at the 2nd floor pipe chase access area adjacent to Plaintiff's cell during the time Defendants Marchinke, Broadwater and Harding were in the process of turning off the water to the cell to stop the flooding. I remained at my post at the lobby area while the flooded tier was responded to by other officers.

EXHIBIT 7          001

4. I made no threats towards Plaintiff as alleged. I did not have a clear line of sight to the 2nd floor area from where I was stationed in the lobby but I never saw anyone with a pen tube or asking about a pen tube as alleged. I never saw anyone deploy pepper spray as alleged.

5. I was not choking from pepper spray as alleged nor did I observe any officers or any other inmates housed near Plaintiff's cell choking from pepper spray.

6. Once the officers had left the pipe chase area, approximately 5 minutes later I noticed that water was still flowing from the 2nd floor down to the bottom floor. I then went to the pipe chase access panel along with Defendant Opel and opened it up to verify whether the toilet water line as well as the sink water line to cell C-55 were both shut off. I discovered that the toilet water line had been shut off but that the sink water line was still running, which was the source of water still flooding the tier. I then shut off the sink water line which can be shut off manually by hand without a valve handle. I never observed Plaintiff or any of the inmates in the adjacent cells coughing or choking in their cells while I was at the pipe chase area nor did I detect the presence of any pepper spray. Plaintiff never complained to me about having any chest pains or needing medical attention.

7. I appear in the video at 12:29:40 going to the pipe access panel and opening the pipe chase panel to turn the sink water line to cell C-55 off. I was not aware at the time that cell C-55 had a sink with exposed drill holes in it nor was I aware that the holes in the sink could be accessed from the adjacent pipe chase area.

8. Due to the passage of time, I do not have any specific recollection of whether I might have conducted rounds on Plaintiff's tier during the remainder of my shift that day after the flooded tier incident or if I otherwise had any other occasion to pass by his cell in the

EXHIBIT 7                         002

course of my routine duties during that shift. If I did pass by his cell it was without incident and I never went to Plaintiff's cell at 2PM as he alleges or state to him that I couldn't believe he was still alive. Plaintiff never told me I would be prosecuted for my actions and I never laughed at him or told him that next time I'll see that he died as alleged.

9. I was not requested to provide a statement for a Use of Force investigation because no UOF investigation was necessary since no pepper spray or any other use of force occurred as alleged. There was no conspiracy or cover-up as alleged because aside from the flooded tier problem that was addressed, nothing else occurred.

10. The responses I provided to the IID investigator on February 28, 2019 as summarized in his IID report of my involvement in the incident are true and accurate.

I have read the above statements and hereby declare under the penalty of perjury that they are true and correct.

DATED: 6/18/19

Dean Rounds, Sr. CO II

EXHIBIT 7                                              003